UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| No. | EDCV 26-3962-AS | Date | July 16, 2026 |
| Title | *Luis Antonio Orta Hernandez v. Markwayne Mullin, et. al.* | | |

| | |
|---|---|
| Present: The Honorable | Alka Sagar, United States Magistrate Judge |

| | |
|---|---|
| Alma Felix | Not reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
| N/A | N/A |

**Proceedings (In Chambers):** **EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER (Dkt. No. 2, filed July 15, 2026)**

On July 15, 2026, Petitioner, proceeding through counsel, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), challenging his ongoing civil immigration detention at the Adelanto ICE Processing Center in Adelanto, California, within this District. (Dkt. No. 1). On the same day, Petitioner filed am *Ex Parte* Application for a Temporary Restraining Order ("TRO"). (Dkt. No. 2). Petitioner asks the Court to order his immediate release from immigration detention or provide him with an individualized bond hearing before an immigration judge, among other relief, on the grounds that the new policy promulgated by the Department of Homeland Security ("DHS") on July 8, 2025, which provides that anyone arrested within the United States and charged as inadmissible under 8 U.S.C. § 1182(a)(6()A)(i), be considered an "applicant for admission" under 8 U.S.C. § 1225 (b)(2), and therefore subject to mandatory detention, violates the Immigration and nationality Act, 8 U.S.C. § 1101 et. seq. Petitioner contends that the new policy does not apply to "an individual like petitioner who previously entered and is not residing in the United States." (Dkt. No. 2 at 7). Petitioner contends that he is instead subject to 8 U.S.C. § 1226(a) which applies to a person who is charged as removeable for having entered the U.S. without inspection and being present without admission, and which allows for release on bond or conditional parole. Id.

General Order 26-05 sets forth an expedited briefing schedule for petitions for writs of habeas corpus under 28 U.S.C. § 2241 by persons seeking immigration related relief. *See* Central District General Order No. 26-05 ("General Order 26-05"). Petitioner's petition is governed by General Order

26-05. (See Dkt. No. 6). The filing of Petitioner's *ex parte* motion for a TRO does not alter or suspend the parties' obligations under the expedited briefing schedule set forth in the Notice of General Order 26-05 and Briefing Schedule. Id.

Pursuant to the General Order, Respondents shall file an answer to the Petition and the TRO on July 23, 2026. Petitioner shall file a Reply on or before July 27, 2026. Id. The matter will be under submission upon the filing of the Reply or the day after it is due.

IT IS SO ORDERED.

| | |
|---|---|
| | 0 : 00 |
| Initials of Preparer | AF |