**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUIS ANTONIO ORTA HERNANDEZ, | NO. EDCV 26-3962-AS |
| Petitioner, | |
| v. | **MEMORANDUM DECISION AND ORDER** |
| MARKWAYNE MULLIN, et al., | |
| Respondents. | |

## I.

## INTRODUCTION

On July 15, 2026, Luis Antonio Orta Hernandez ("Petitioner"), an immigration detainee proceeding through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition") against: Markwayne Mullin, Secretary of the United States Department of Homeland Security ("DHS"); Todd Blanche, Acting United States Attorney General; the Executive Office for Immigration Review; Todd Lyons, Executive Associate Director of United States Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations; and David A. Marin, Adelanto ICE Field Office Director (collectively "Respondents").

(Docket ("Dkt.") No. 1). The Petition alleges violations of the Immigration and Nationality Act ("INA"), the Administrative Procedure Act and procedural due process. (Petition, ¶¶ 54-63). Petitioner seeks an order requiring Respondents to release him or provide him with a bond hearing. (Petition at 16).

Petitioner also filed an Ex Parte Application for a Temporary Restraining Order ("TRO") on July 15, 2026. (Dkt. No. 2). The TRO Application seeks "a temporary restraining order directing Respondents to release [Petitioner] from their custody or to provide him with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days of issuance of an Order" as well as an "order enjoining Respondents from relocating [Petitioner] outside of the Central District of California pending final resolution of this case." (Id.).

On July 23, 2026, Respondents filed an Answer to the Petition, which stated "Petitioner appears to be a member of the Bond Eligible Class certified in" Bautista v. Santacruz, 2025 WL 3288403 (C.D. Cal. 2025), amended and superseded on reconsideration, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), and also "acknowledge[d] that Petitioner's claim in this action appears subject to the Bautista judgment, the order enforcing the same, and to any applicable appellate proceedings relating to it." (Dkt. No. 10). Petitioner filed a Reply on July 23, 2026. (Dkt. No. 11).

The parties have consented to proceed before the undersigned Magistrate Judge in this matter. (Dkt. Nos. 5, 8).

2

## II.

## BACKGROUND

Petitioner is a resident of Long Beach, California, who was born in Mexico but has lived in the United States since 1998. (Petition, ¶¶ 1, 21, 46 & Exh. 1). Immigration authorities arrested him in or around May 2026. (Petition, ¶ 47). Petitioner was placed in removal proceedings after being charged with removability under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as a noncitizen present in the United States without being admitted or paroled, as well as under INA § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an immigrant who is not in possession of a valid unexpired visa and passport, or other required entry or travel documentation, at the time of application for admission. (Petition, ¶¶ 3, 48).

On July 8, 2026, Immigration Judge ("IJ") Bryan DePowell denied Petitioner bond, concluding the Immigration Court "lacks jurisdiction over the request for custody determination" based on the IJ's "independent assessment of relevant law, regulations, statutes, and caselaw, as part of the Executive Office for Immigration Review[.]" (Petition, ¶¶ 5, 52, Exh. 3). Petitioner remains detained at ICE's Adelanto Detention Center. (Petition, ¶ 2).

## III.

## DISCUSSION

Petitioner contends Respondents improperly treated him as an "applicant for admission" subject to mandatory detention under 8 U.S.C.

§ 1225(b) rather than as detained pursuant to 8 U.S.C. § 1226(a) and eligible for release on bond. (Petition, ¶¶ 54-56). Petitioner requests the Court order his immediate release or, alternately, require Respondents to "provide the bond hearing to which he is entitled[.]" (Petition at 16). Respondents, as noted, concede that Petitioner appears to be a Bautista class member and assert that "[t]o the extent Petitioner would be entitled to any remedy, at most it would be ordering a bond hearing to be held before an [IJ] under Section 1226(a)." (Answer at 2).

In Bautista v. Santacruz, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), the district court granted a "Motion for Class Certification as to the Bond Eligible Class" of petitioners, and defined the "Bond Eligible Class" as:

All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the [DHS] makes an initial custody determination.

Bautista, 813 F. Supp. 3d at 1127. The Bautista court entered final judgment as to the Bond Eligible Class on December 18, 2025. Bautista v. Noem, 2025 WL 3678485, *1 (C.D. Cal. 2025). "Ultimately, the final judgment entered in [Bautista] declared that class members 'are not subject to mandatory detention under [8 U.S.C.] § 1225(b)(2)' and instead are 'entitled to consideration for release on bond by

4

immigration officers and, if not released, a custody redetermination hearing before an immigration judge' pursuant to 8 U.S.C. § 1226(a)." Uriate v. Mullin, 2026 WL 925724, *2 (C.D. Cal. 2026) (citing Bautista, 2025 WL 3678485 at *1). The Ninth Circuit recently affirmed this conclusion. See Rodriguez Vazquez v. Bostock, __ F.4th __, 2026 WL 2196424, *3 (9th Cir. 2026) ("[A]liens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A).").

On February 18, 2026, the Bautista Court issued a post-judgment order vacating the Board of Immigration Appeals' decision in Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025).[1] Bautista v. Santacruz,

---

[1] In Yajure Hurtado, "the [Board of Immigration Appeals ("BIA")] issued a new and novel interpretation of Section 1225, rejecting the argument that the noncitizen was not 'seeking admission' under Section 1225(b)(2) because he had been residing within the United States." Araujo-Contreras v. Janecka, 2025 WL 3771429, *2 (C.D. Cal. 2025). But, as noted, the Ninth Circuit has now rejected the BIA's novel interpretation, Rodriguez Vazquez, __ F.4th at __, 2026 WL 2196424, at *3, as have the vast majority of other courts to consider the issue. See, e.g., Bautista, 813 F. Supp. 3d at 1106 (finding "Respondents' interpretation contrary to law" and stating "the interpretation in *Yajure-Hurtado*, . . . which contradicts the Court's reasoning is no longer controlling."); Cirrus Rojas v. Olson, __ F.4th __, 2026 WL 2198315, *17 (7th Cir. 2026) ("The government has moved from relying upon Section 1226(a)'s discretionary-bond provision to a new interpretation that Section 1225(b)(2)(A)'s mandatory-detention clause controls. . . . [¶] We hold Cirrus Rojas is present in the United States without admission and is not 'seeking admission.' He is therefore not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and is eligible for a bond hearing under 8 U.S.C. § 1226(a)."); Barbosa da Cunha v. Freden, 175 F.4th 61, 69 (2d Cir. 2026) ("[W]e join the overwhelming majority of federal judges across the Nation to consider it and conclude that the government's novel interpretation of the immigration statutes defies their plain text. That text makes clear that Section 1226(a) governs detention of noncitizens like Petitioner. Section 1225(b)(2)(A) does not apply to such noncitizens, who are present in the United States after entering

820 F. Supp. 3d 1016, 1020-34 (C.D. Cal. 2026). "On March 6, 2026, the Ninth Circuit administratively stayed the December 18, 2025 declaratory judgment in [Bautista] 'insofar as [it] extends beyond the Central District of California' pending a ruling on the Government's motion for a stay pending appeal" and "also administratively stayed the February 18, 2026 Order" vacating Yajure Hurtado. Castro v. Johnson, 2026 WL 1104766, *3 (C.D. Cal. 2026) (citing Bautista v. Dep't of Homeland Sec. ("Bautista I"), Ninth Circuit case no. 26-1044, Dkt. 5); Aguilar v. Mullin, 2026 WL 1196090, *3 (C.D. Cal. 2026). Thereafter, on March 31, 2026, "the Ninth Circuit granted the government's emergency motion for a stay pending appeal as follows: (1) the *Bautista* court's December 18, 2025 class certification order and final judgment is stayed pending appeal, insofar as . . . they extend beyond the Central District of California; and (2) the district court's February 18, 2026 post-judgment order vacating [Yajure Hurtado] is stayed pending appeal." Vivas v. Santacruz, 2026 WL 1122208, *1 (C.D. Cal. 2026) (citing Bautista I, at Dkt. No. 17); Mendoza-Rodriguez v. Mullin, 2026 WL 1104774, *2 n.4 (C.D. Cal. 2026). Thus, "the *Bautista* court's December 18, 2025 judgment remains in place as to the Central District of California." Vivas, 2026 WL 1122208 at *1; Aguilar, 2026 WL 1196090 at *3; Mendoza-Rodriguez, 2026 WL 1104774 at *2 n.4; Castro, 2026 WL 1104766 at *3. As such, the December 18, 2025 declaratory judgment entered in Bautista has "the force and effect of a final judgment or decree[,]" 28 U.S.C. § 2201; Castro, 2026 WL 1104766 at *3; Procopio v. Mullin, 2026 WL 1045658, *3 (C.D. Cal. 2026); Herrera v. Lyons, 2026 WL 859172, *3 (C.D. Cal.), report and recommendation accepted by, 2026 WL

the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter.").

6

854125 (C.D. Cal. 2026); see also Haaland v. Brackeen, 599 U.S. 255, 293 (2023) ("[T]he point of a declaratory judgment 'is to establish a binding adjudication that enables the parties to enjoy the benefits of reliance and repose secured by res judicata.'" (citation omitted)); Badger Catholic, Inc. v. Walsh, 620 F.3d 775, 782 (7th Cir. 2010) (A "declaratory judgment is a real judgment, not just a bit of friendly advice"), and Respondents "are legally obligated to comply with the court's order." Procopio, 2026 WL 1045658 at *3; Castro, 2026 WL 1104766 at *3; Herrera, 2026 WL 859172 at *3; see also Maness v. Meyers, 419 U.S. 449, 458 (1975) ("We begin with the basic proposition that all orders and judgments of courts must be complied with promptly."); United Aeronautical Corp. v. United States Air Force, 80 F.4th 1017, 1031 (9th Cir. 2023) ("But in suits against government officials and departments, we generally assume that they will comply with declaratory judgments.").[2]

There is no dispute that Petitioner is a Bautista Bond Eligible Class member. He was born in Mexico but has resided in the United States since 1998, he is charged with entering the United States without inspection, and there is no suggestion Petitioner is subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231.[3]

---

[2] Moreover, as discussed herein, the Ninth Circuit has now addressed the issue Bautista decided, affirming that noncitizens like Petitioner, who are "present without admission [and] who are apprehended in the interior of the United States[,] are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Rodriguez Vazquez, __ F.4th at __, 2026 WL 2196424 at *3.

[3] "These three statutes, respectively, govern detention for noncitizens who fall into certain enumerated categories involving criminal offenses and terrorist activities, 8 U.S.C. § 1226(c); for

7

(Petition, ¶¶ 1, 3, 46, 48 & Exh. 1). Therefore, at the very least, Petitioner is entitled to a bond hearing. <u>Rodriguez Vazquez</u>, __ F.4th at __, 2026 WL 2196424 at *3; <u>see</u> <u>also</u> <u>Inzuna v. Warden of Adelanto Det. Facility</u>, 814 F. Supp. 3d 1091, 1095 (C.D. Cal. 2026) ("Because Petitioner's . . . Petition alleges facts that place her squarely within the definition of the Bond Eligible Class, the Court is compelled to find that she is entitled to the relief . . . guaranteed by *Bautista*'s final judgment"; that is, "'consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge' pursuant to § 1226(a)."); <u>Guzman v. Warden</u>, 2026 WL 922273, *4 (C.D. Cal. 2026) ("Petitioner, a 'Bond Eligible Class' member, is entitled to the relief provided in the <u>Bautista</u> final judgment and the procedural protections that § 1226(a) provides, including a bond hearing."). This much is essentially undisputed. (<u>See</u> Answer at 2).

However, in this case, Petitioner has already had a bond hearing that failed to comply with <u>Bautista</u>. On July 8, 2026, IJ DePowell denied Petitioner bond, stating:

> The Court has carefully considered the orders of the United States Federal District Court for the Central District

some noncitizens who are 'arriving' in the United States or who have 'not been admitted or paroled into the United States' and cannot show that they have 'been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility,' <u>id.</u> § 1225(b); and for noncitizens subject to a final order of removal, <u>id.</u> § 1231." <u>Mendoza-Rodriguez</u>, 2026 WL 1104774 at *2 n.5; <u>Calixtro v. Mullin</u>, 2026 WL 1288654, *3 n.4 (C.D. Cal. 2026).

of California, including that court's orders issued on November 25, 2025, and on December 18, 2025 [citing <u>Bautista</u> and noting "current stay in effect"]. [Petitioner] is charged as a noncitizen present in the United States without having been inspected and admitted or paroled, . . . and he does not meaningfully argue otherwise. This Court, based on its independent assessment of relevant law, regulations, statutes, and caselaw, as part of the Executive Office for Immigration Review, Department of Justice, determines that it lacks jurisdiction over the request for custody redetermination.

(Petition, Exh. 3 (citing <u>Yajure Hurtado</u>). The IJ's decision is "contrary to Respondents' legal obligation to comply with the December 18, 2025 declaratory judgment in [<u>Bautista</u>] and to the extent based on the Ninth Circuit's . . . stay of [<u>Bautista</u>], it misunderstands the scope of that stay." <u>Castro</u>, 2026 WL 1104766 at *3; <u>Aguilar</u>, 2026 WL 1196090 at *4; <u>see</u> <u>also</u> <u>Rodriguez Vazquez v. Hermosillo</u>, 816 F. Supp. 3d 1234, 1243 (W.D. Wash.) ("A contrary decision by the BIA — which is part of the executive branch — does not override the binding judgment of an Article III Court adjudicating an actual case or controversy between the parties."), <u>affirmed by</u>, 2026 WL 2196424 (9th Cir. 2026). As explained above, the December 18, 2025 declaratory judgment in <u>Bautista</u> has not been stayed within the Central District of California. <u>Aguilar</u>, 2026 WL 1196090 at *3-4; <u>Vivas</u>, 2026 WL 1122208 at *1; <u>Mendoza-Rodriguez</u>, 2026 WL 1104774 at *2 n.4; <u>Castro</u>, 2026 WL 1104766 at *3.

"Typically, the remedy afforded to members of the Bond Eligible Class is consideration for a bond hearing under 8 U.S.C. § 1226(a)." Procopio, 2026 WL 1045658 at *3; Bautista, 2025 WL 3678485 at *1. But under the circumstances set forth herein, the Court concludes that ordering Respondents to provide another bond hearing that complies with the December 18, 2025 declaratory judgment in Bautista – and the Ninth Circuit's subsequent decision in Rodriguez Vazquez – would be futile.[4] Aguilar, 2026 WL 1196090 at *4; see also Hernandez v. Mullin, 2026 WL 1196341, *3 (C.D. Cal. 2026) ("[T]he undisputed facts here demonstrate that ordering another bond hearing that complies with the December 18, 2025 declaratory judgment in [Bautista] would be futile. In light of the very recent bond hearing where the Immigration failed to comply with the declaratory judgment by finding that it lacked jurisdiction, the Court concludes that the outcome would be the same should the Court order the Immigration Judge to hold another bond hearing in compliance with the December 18, 2025 declaratory judgment." (citation omitted)); Procopio, 2026 WL 1045658 at *3 ("Because some immigration judges continue to rely on *Yajure Hurtado* to deny bond, some courts have found 'that ordering a *Bautista* section 1226(a) bond hearing as a remedial measure would likely be futile.'" (citations omitted)); Kun v. Janecka, 2026 WL 931541, *5 (C.D. Cal. 2026) ("To the extent immigration judges consistently invoke *Hurtado* as governing authority to deny bond in analogous cases, the Court is inclined to agree with Petitioner that ordering a *Bautista* section 1226(a) bond hearing as a remedial measure

---

[4] In light of the IJ's substitution of his "independent assessment of relevant law, regulations, statutes, and caselaw" (Petition, Exh. 3) for a court order, the fact that the IJ's order predates the Ninth Circuit's decision in Rodriguez Vazquez does not require a different conclusion.

10

would likely be futile."). Thus, the Court concludes that immediate release from custody is the only means to provide complete relief to Petitioner. <u>Aguilar</u>, 2026 WL 1196090 at *4; <u>Hernandez</u>, 2026 WL 1196341 at *3; <u>Castro</u>, 2026 WL 1104766 at *3; <u>Procopio</u>, 2026 WL 1045658 at *3.

**IV.**

**ORDER**

Accordingly, it is hereby ORDERED that the Petition (Dkt. No. 1) is **GRANTED** and Petitioner's TRO Application (Dkt. No. 2) is **DENIED** as moot. Respondents shall immediately release Petitioner Luis Antonio Orta Hernandez (A# 246-059-107) from immigration custody without the imposition of any restraints on his liberty, such as reporting requirements, GPS, or electronic monitoring. The Court further ORDERS that Respondents shall file a declaration by no later than 5:00 p.m. on August 11, 2026, confirming Petitioner has been released from custody. IT IS SO ORDERED.

DATED: August 8, 2026

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE
